E-FILED
Thursday, 12 May, 2022  11:27:21 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| CRYSTAL LUNDBERG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )   Civil Case No.  22-1163 |
| | ) |
| WARDEN SEGAL, | ) |
| | ) |
| Respondent. | ) |

### ORDER AND OPINION

Before the Court is Petitioner Crystal Lundberg's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (D. 1). For the reasons set forth below, Petitioner's § 2241 Petition is DISMISSED.

### ANALYSIS

Petitioner is currently in the custody of the Federal Bureau of Prisons ("BOP") and housed at Pekin Federal Correctional Institution. Petitioner is challenging the way her good time credits are awarded per the First Step Act of 2018. (D. 1, p. 4). The Petition alleges the BOP has failed to award her additional days of good time credit from her participation in various programs. *Id.* at p. 6.

Under Rule 4, Rules Governing Section 2254 Cases, the Court is required to review a petition filed under Section 2241 and determine whether it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. The Court's preliminary review under Rule 4 reveals that Petitioner has not exhausted her administrative remedies.

A petitioner may obtain relief under § 2241 only after she exhausts her administrative remedies. *Carmine v. United States,* 974 F.2d 924, 927 (7th Cir. 1992). Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989). Where, as here, a petitioner complains that errors have been made with respect to internal BOP policies and calculations, it is the BOP that must be given the first opportunity to correct any such errors. *See Ramirez v. Zuercher,* 2008 WL 4724289, at *2 (C.D. Ill. 2008). Petitioner has acknowledged in her Petition that she did not present her challenge to the computation of good time credit to the BOP. (D. 1, p. 6). Petitioner must do so before petitioning the court for relief.

## CONCLUSION

For the reasons stated above, Petitioner's [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to close this case. No certificate of appealability shall issue.

ENTERED this 12th day of May, 2022.

> /s/ Michael M. Mihm
> Michael M. Mihm
> United States District Judge

2